**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ARNULFO FIGUEROA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | **A jury is demanded** |
| **CITY OF CORPUS CHRISTI,** | § | |
| **Defendant.** | § | |

**<u>DEFENDANT, CITY OF CORPUS CHRISTI'S</u>**
**<u>LIST OF STATE COURT PLEADINGS</u>**

1. Case Summary / Docket Sheet

2. Citation

3. First Amended Original Petition

4. Notice of Removal to be filed in State Court, pursuant to 28 U.S.C. §1446(d)

# REGISTER OF ACTIONS
## CASE NO. 2020CCV-61584-3

| Arnulfo Figueroa vs. City Of Corpus Christi | | |
|---|---|---|
| | § § § § § § | Case Type: **Civil Case - Other** <br> Date Filed: **11/16/2020** <br> Location: **CCAL3** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **City Of Corpus Christi** | |
| Plaintiff | **Figueroa, Arnulfo** | Charles C. Smith <br> *Retained* <br> 361-883-1055(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 11/18/2020 | **Original Petition (OCA)** | | |
| 11/18/2020 | **Original Petition Documents E-filed** (Judicial Officer: Galvan, Deeanne ) | | |
| | *Plaintiff's Original Petition And Request For Disclosure* | | |
| 01/21/2021 | **Amended Petition** | | |
| | *Plaintiff's First Amended Original Petition and Request for Disclosure* | | |
| 01/21/2021 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 01/29/2021 | **Citation** | | |
| | City Of Corpus Christi | Served | 02/01/2021 |
| | | Response Due | 02/22/2021 |
| | | Returned | 02/02/2021 |
| 02/02/2021 | **Proof of Service** | | |
| | *Return of Service City of Corpus Christi* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Figueroa, Arnulfo | | | |
| | Total Financial Assessment | | | 306.50 |
| | Total Payments and Credits | | | 306.50 |
| | **Balance Due as of 02/22/2021** | | | **0.00** |
| 11/22/2020 | Transaction Assessment | | | 283.50 |
| 11/22/2020 | E-file Payment | Receipt # 2020-14567-DCCLK | Figueroa, Arnulfo | (283.50) |
| 01/27/2021 | Transaction Assessment | | | 23.00 |
| 01/27/2021 | E-file Payment | Receipt # 2021-848-DCCLK | Figueroa, Arnulfo | (23.00) |

**Citation for Personal Service –RESIDENT**

Case Number: **2020CCV-61584-3**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO:   City Of Corpus Christi
   **Mayor Paulette M Guajardo**
   **1201 Leopard Street**
   **Corpus Christi, Texas  78401**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition And Request For Disclosure With Notice And Covid Standing Orders** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Deeanne Galvan**, **County Court at Law #3** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Amended Petition** was filed on the 21st day of January, 2021.  A copy of same accompanies this citation.
The file number of said suit being Number:  2020CCV-61584-3

The style of the case is:  **Arnulfo Figueroa  vs.  City Of Corpus Christi**

Said Amended Petition was filed in said court by **Charles C. Smith**, attorney for Plaintiff, whose address is 615 N Upper Broadway #1710  Corpus Christi Tx  78401 .

The nature of the demand is fully shown by a true and correct copy of the Amended Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 29th day of January, 2021.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nicole Alvarado_, Deputy
    Nicole Alvarado

Name: _Mary Ann Peña_
City Secretary's Office
Date: 2/4/21
Time: 8:17 Am

# RETURN OF SERVICE

**2020CCV-61584-3**

**ARNULFO FIGUEROA**
**VS.**
**CITY OF CORPUS CHRISTI**

COUNTY COURT AT LAW #3

_____
Name

**ADDRESS FOR SERVICE**
**City Of Corpus Christi**
Mayor Paulette M Guajardo
1201 Leopard Street
Corpus Christi TX  78401

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____
_____

and the cause of failure to execute this process is: _____
_____

and the information received as to the whereabouts of said defendant(s) being: _____
_____

| | | | |
|---|---|---|---|
| Fees: | | | |
| Serving Petition and Copy | $_____ | _____, | Officer |
| Total | $_____ | By _____, | County, Texas |
| | | | Deputy |

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)

address is _____
                    (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
1/21/2021 3:56 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2020CCV-61584-3

| | | |
|---|---|---|
| ARNULFO FIGUEROA | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| CITY OF CORPUS CHRISTI | § | |
| DEFENDANT | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

1.    NOW COMES, ARNULFO FIGUEROA, Plaintiff, complaining of Defendant, City of Corpus Christi, and files this his Plaintiff's First Amended Original Petition and Request for Disclosure and would respectfully show the following:

## I.    DISCOVERY CONTROL PLAN

2.    Discovery is intended to be conducted under Level II pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.    VENUE

3.    The venue is proper in Nueces County, Texas, pursuant to C.P.R.C. § 15.002(a) (1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Nueces County, Texas.

## III.    JURISDICTION

4.    Plaintiff would show the Court that this first amended original petition is brought pursuant to the provisions of the Texas Codes Annotated, Labor Code §21.051 Discrimination by Employers.

5.    Plaintiff seeks to enjoin Defendant from discrimination on the basis of disability with respect to the terms, conditions and privileges of his employment, which have, by action of Defendant, been in violation of the law. More specifically, this action seeks to compensate Plaintiff for appropriate relief to which he is entitled under the law.

6.    This is a civil action seeking redress for violation of rights guaranteed to the

1

Plaintiff under Title I, of the Americans with Disability Act of 1990, 42 U.S.C. §12101, et. seq., in accordance with its provisions prohibiting discrimination against persons with physical and mental disabilities. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of disability discrimination and retaliation.

7.     This is also a civil action seeking redress for violation of rights guaranteed to the Plaintiff under Title I, of the Americans with Disability Act (ADA), §101(9), 42 U.S.C. §12111(9), in accordance with its provisions regarding employment discrimination for failure to make reasonable accommodation to disabilities and other protections and benefits provided under the ADA, including engaging in an interactive process.

8.     This is a civil action seeking redress for violation of rights guaranteed to Plaintiff under 42 U.S.C.§1983 through the First and Fourteenth Amendments of the United States Constitution, against Defendant, City of Corpus Christi for infringement of Plaintiff's exercise of free speech, and the Fourth Amendment against unreasonable searches and seizures. More specifically, this action seeks monetary damages, including mental anguish, declaratory and injunctive relief, and all other appropriate relief to which Plaintiff is entitled to under the law.

9.     This is also a civil action seeking redress for violation of rights established by law under 18 U.S.C. §§2510, et seq., and 18 U.S.C. §2701, et seq., involving the federal wiretapping statute in accordance with its provision regarding unlawful access to and taping of private telephone communications.

IV.     **PARTIES**

10.     Plaintiff, **Arnulfo Figueroa,** is a former employee as defined by §21.002(7) of the Texas Labor Code and brings this action individually. Plaintiff resides in Nueces County, Texas.

2

11.     Defendant, **City of Corpus Christi,** is a governmental entity in the state of Texas, and is an employer as contemplated under §21.002(8) of the Texas Labor Code. Service of process may be served upon City of Corpus Christi's Mayor Paulette M. Guajardo, whose address is 1201 Leopard Street, Corpus Christi, Texas 78401.

12.     All relevant events and transactions alleged herein in connection with Plaintiff's charge of disability discrimination including unfair employment practices occurred in Nueces County.

13.     Wherever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant, City of Corpus Christi, its officers, agents, servants, employees or representatives, and that at the time such act or thing was done, it was done with the full authority or ratification of Defendant, or was done in the normal and routine course and scope of employment of Defendant, its officers, agents servants, employees or representatives, or was done in accordance with the policies and/or procedures of the Defendant.

## V.     <u>ADMINISTRATIVE PROCESS</u>

14.     On or about April 24, 2020, Plaintiff filed a written charge of discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission (EEOC).

15.     On August 21, 2020, the U.S. Equal Employment Opportunity Commission (EEOC) issued its Dismissal and Notice of Rights regarding Plaintiff's disability discrimination claim under Charge 451-2020-01880, which Plaintiff subsequently received.

16.     On November 16, 2020, Plaintiff requested the Texas Workforce Commission Civil Rights Division (TWCCRD) to issue a Notice of Right to File a Civil Action, under Charge 451-2020-01880, which Plaintiff subsequently received.

17.     Plaintiff has exhausted his administrative remedies with EEOC and TWCCRD and

3

has timely filed this action.

## VI.    FACTS

18.    On or about February 3, 2013, Plaintiff was hired by City of Corpus Christi to work as a full-time senior garage service tech in the City of Corpus Christi's Fleet Maintenance Department.  When he was initially hired by the City of Corpus Christi as a senior garage service tech, Plaintiff was paid $14.00 per hour with an annual compensation of approximately $29,100.00, plus benefits including health and life insurance. At the time when Plaintiff was first hired by the City of Corpus Christi, his immediate supervisor was Javier Flores, service tech supervisor.

19.    While working as a senior garage service tech in the Fleet Maintenance Department, Plaintiff's job duties and responsibilities included, among other things, performing maintenance and repair on all city-owned and operated vehicles, garage trucks, brush trucks, public safety vehicles, as well as the City's fleet of F-150 and F-750 vehicles.

20.    Nearly five years into his employment with the City of Corpus Christi, on January 8, 2018, Plaintiff was transferred to the Brush Department. With this transfer, Plaintiff secured a new job and title as a senior equipment operator. Now, as a senior equipment operator in the Brush Department, Plaintiff's new supervisor was Johnny Garcia, Brush Foreman. With this new position as a senior equipment operator, Plaintiff was paid $17.56 per hour with an annual compensation of approximately $36,524.80, plus benefits. The job duties and responsibilities for Plaintiff as a senior equipment operator were, among other things, driving and operating a 45-cubic yard truck and to load branches and then going to the City's landfill to unload and empty his 45-cubic yard truck. Afterwards, on account of Plaintiff's satisfactorily performance as a senior equipment

4

operator, his hourly rate of pay was increased to $18.02 per hour, which increased Plaintiff's annual compensation to approximately $37,481.60.

21     During Plaintiff's initial period of employment as a senior garage service tech and throughout his employment as a senior equipment operator with the City of Corpus Christi, Plaintiff routinely and satisfactorily performed his duties and responsibilities consistent with the known standards, practices, and expectations expressed by the City of Corpus Christi for its employees.

22.     While employed by the City of Corpus Christi, Plaintiff suffered from several mental and physical impairments or disabilities, which were known by the City of Corpus Christi. Plaintiff's disabilities included type 2 diabetes, tinnitus, hearing loss, depression, among others. In February 2020, Plaintiff reported his type 2 diabetes to Mr. Clarence Clark, Superintendent of Collections for the City of Corpus Christi's Solid Waste Department-Brush Division. Plaintiff's type 2 diabetes caused Plaintiff to have increased thirst and increased urination. This caused Plaintiff to use the restroom frequently, sometimes every 20 to 30 minutes.

23.     For several years, Plaintiff has undergone several medical tests and examinations to assess his medical condition. Among other things, Plaintiff has been diagnosed with having some medical issues with depression that affect his ability to concentrate, right shoulder impairment that affects his strength and stamina, and type 2 diabetes which affects Plaintiff's hydration and urination frequency.

24.     The physical medical condition that Plaintiff suffers from has its roots in a physiological condition. This physiological condition affects Plaintiff's neurological and renal systems. As such, Plaintiff's physiological condition and resulting impairment has had some diminishing effect on him, particularly with respect to performing some manual tasks.

5

25. While employed by the City of Corpus Christi, even with his medical conditions, Plaintiff was able to perform the essential functions of his job as a senior equipment operator. What's more, notwithstanding Plaintiff's medical conditions, he generally met and satisfied the performance standards expected of him by the City of Corpus Christi. Moreover, during Plaintiff's employment with the City of Corpus Christi, Plaintiff was a disabled employee performing his ordinary and regular duties, even though his type 2 diabetes, hearing loss, tinnitus, depression and shoulder continued as the source of his mental and physical impairments.

26. To implement the City of Corpus Christi's plan to discriminate against Plaintiff on account of his disability, the City of Corpus Christi did not provide a reasonable accommodation to Plaintiff to the known limitations of an otherwise qualified individual with a disability. On or about February 2020, Plaintiff requested an accommodation from the City of Corpus Christi when he spoke with Mr. Clark about his diabetes and problem with frequent urination. Nonetheless, the City of Corpus Christi decided not to extend or apply its accommodation practice to benefit Plaintiff. Without justification, the City of Corpus Christi did not engage in an interactive discussion or dialog with Plaintiff regarding a reasonable accommodation.

27. Contrary to its reasonable accommodation policy or practice, the City of Corpus Christi initiated steps to employ its plan to discriminate against Plaintiff on account of his physical and mental impartments. What's more, Plaintiff's employment with the City of Corpus Christi was not in peril until March 1, 2020 when Plaintiff objected to the City of Corpus Christi's failure to provide him a reasonable accommodation. As a result, Plaintiff was placed on administrative leave when Plaintiff adjusted the interior facing camera in his assigned truck so that he could have privacy to use the restroom while inside his vehicle by lowering the sun visor to cover the camera for temporary privacy. Previously, Plaintiff had complained to his supervisor Mr. Garcia at least

6

once a week from early February 2020 through March 18, 2020 about the placement of the camera
and its invasion of privacy.

28.     During Plaintiff's employment with the City of Corpus Christi as a senior
equipment operator, he, along with other departmental employees, was assigned vehicles each day
to perform his duties. The vehicle assigned to Plaintiff, as well as other employees, was retrofitted
with an in-dash camera, which provided an inward and outward facing camera. At the time the
City of Corpus Christi installed these cameras into the vehicle assigned to and used by Plaintiff,
along with his fellow co-workers, he was not informed that personal or work-related conversations
made inside the vehicle were subject to being recorded without Plaintiff's knowledge or
permission.

29.     At the time the City of Corpus Christi installed its inward facing camera into
departmental work vehicles, it did not inform its employees, like Plaintiff, that his conversations
inside the vehicle were subject to monitoring and recording, nor did the City of Corpus Christi
inform Plaintiff or other affected employees which area inside departmental vehicles were subject
to monitoring and/or recording.

30.     The City of Corpus Christi had no reasonable basis for recording the personal phone
calls of Plaintiff while he was inside his assigned work vehicle. Even so, the City of Corpus Christi
listened to, recorded and reviewed Plaintiff's personal phone call. With his city-issued vehicle,
Plaintiff was authorized to exclude non-authorized people from his city-issued vehicle. Moreover,
Plaintiff understood that his city-issued vehicle was only for him, save for authorized individuals,
inasmuch as he had the keys to the vehicle that allowed him to lock out others. What's more, the
Plaintiff's use of his city-assigned vehicle allowed him legitimate use and control of the vehicle to
the exclusion of others, except for a few.

7

31.     During the time Plaintiff was employed by the City of Corpus Christi, he was not informed about or given a copy of any written policy the City of Corpus Christi had regarding videos or recordings made in connection with the placement and installation of inward facing cameras and recording devices. Moreover, as a senior equipment operator for the City of Corpus Christi, Plaintiff was not asked nor did he sign a written waiver for the City of Corpus Christi to obtain, record, or use any audio recording it made, or obtained through a third party hired by the City of Corpus Christi. Instead, the City of Corpus Christi did not take any steps to gain consent from Plaintiff or any other senior equipment operator to install and use a device capable of monitoring and recording private conversations Plaintiff engaged in while working inside the vehicle issued and assigned to him each day.

32.     Throughout Plaintiff's employment with the City of Corpus Christi, he was not provided or informed about any official written policy established and promulgated for how the audio recordings obtained while Plaintiff was inside his work vehicle will be stored and used. Moreover, the City of Corpus Christi did not inform, identify or designate a staff member who will initially review, store and retain any employee's conversations, like Plaintiff, and which staff member will have access to the audio recordings and for what purpose.

33.     Throughout Plaintiff's employment with the City of Corpus Christi as a senior equipment operator, no official policy on employee privacy was established or disseminated to Plaintiff as to employee privacy expectations, and under what circumstance, if any, an employee, like Plaintiff, would be notified about when the audio device would be activated or deactivated.

34.     There was no legitimate work-related purpose for recording Plaintiff's personal phone calls. Plaintiff believed his communications, including phone calls, were private and not available to others not part of his personal conversations inside his city-assigned vehicle.

35.     Despite not having a written policy about the use of surveillance recordings of Plaintiff's alleged cell phone use, the City of Corpus Christi, on March 9, 2020, issued a written notice of termination to Plaintiff, wherein the City of Corpus Christi alleged that Plaintiff violated "our City Policy". In a written notice of termination, Plaintiff was accused of "on or about March 9, 2020, while in the course and scope of his job he was observed in his City owned equipment talking on a cell phone".  As part of its investigation about Plaintiff's alleged "talking on a cell phone", the City of Corpus Christi retrieved and listened to its audio recording that was made on March 9, 2020 at the same time the City of Corpus Christi made a video recording of Plaintiff with its inward-facing video camera inside Plaintiff's assigned vehicle.

## VII.     FIRST CAUSE OF ACTION

36.     Plaintiff repeats, realleges and incorporates herein as part of his First Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

37.     he was a member of a protected class by reason of his disability;

38.     he suffered an adverse employment action;

39.     he was replaced by someone outside the protected class or was treated differently than similarly-situated, non--protected employees;

40.     he was treated differently than similarly situated non-protected employees.

## VIII.     SECOND CAUSE OF ACTION

41.     Plaintiff repeats, realleges and incorporates herein as part of his Second Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

42.     Defendant's conduct and treatment of Plaintiff was in violation of  Texas Labor

Code with respect to disability discrimination.

43.     Plaintiff is a member of a protected group or class by reason of his disability;

44.     Plaintiff is a qualified individual with a disability;

45.     The Defendant knew of Plaintiff's substantial limitations caused by Plaintiff's condition; and

46.     Despite Plaintiff's disability, Defendant failed to provide reasonable accommodation to Plaintiff.

## IX.     THIRD CAUSE OF ACTION

47.     Plaintiff repeats, realleges and incorporates herein as part of his Third Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

48.     Defendant engaged in retaliation towards Plaintiff. The retaliation against Plaintiff can be shown in the following manner:

49.     Plaintiff was an employee who engaged in protected activity or conduct involving a discriminatory practice as it related to conduct covered under the law or participating in any manner in an investigation or protestation of proscribed conduct.

50.     The Defendant took an adverse employment action against Plaintiff.

51.     There is a casual connection between the protected activity and the adverse employment action.

## X.     FOURTH CAUSE OF ACTION

52.     Plaintiff repeats, realleges and incorporates herein as part of his Fourth Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

10

53.     Deprivation of privacy interests under color of law;

54.     Plaintiff was denied the uniform application of the City of Corpus Christi's established policies;

55.     Plaintiff exercised his right to comment on a policy and practice established by the City;

56.     Defendant disciplined Plaintiff for his comments in violation of defendant's policy and practice and federal law; and

57.     Plaintiff has been injured.

## XI.     FIFTH CAUSE OF ACTION

### Deprivation of Privacy Interests
### 42 U.S.C. § 1983

58.     Plaintiff repeats, re-alleges and incorporates herein as part of his Fifth Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

59.     As a result of Defendant's policies, customs or practice, certain employees are subjected to deprivation of their constitutional rights, under color or law, under the First Amendment; and

60.     Defendant's policies and customs demonstrated a deliberate indifference on the part of policymakers of the defendant with regard to Plaintiff's constitutional rights.

## XII.     SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Against Defendant

61.     Plaintiffs repeat, reallege and incorporate herein as part of his Sixth Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety and further alleges:

11

62.     As a result of the Defendant, City of Corpus Christi's policies, customs or practice, certain employees are subjected to denial of certain benefits for their exercise of their First Amendment rights.

63.     Defendant, City of Corpus Christi's policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant, City of Corpus Christi regarding Plaintiff's constitutional rights.

## XIII.   SEVENTH CAUSE OF ACTION

64.     Plaintiff repeats, realleges and incorporates herein as part of his Seventh Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

65.     As a result of the Defendant, City of Corpus Christi's policies, customs or practice, certain residents or citizens like Plaintiff of the City are subjected to violation of their Fourth and Fourteenth Amendment rights.

66.     Defendant, City of Corpus Christi's policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Corpus Christi regarding Plaintiff's constitutional rights.

## XIV.   EIGHTH CAUSE OF ACTION

67.     Plaintiff repeats, realleges and incorporates herein as part of his Eighth Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

68.     Defendant's conduct and treatment of Plaintiff was in violation of Texas Labor Code with respect to disability discrimination.

69.     Plaintiff is a member of a protected group or class by reason of his disability;

70.     Plaintiff is a qualified individual with a disability;

71.     Plaintiff requested a reasonable accommodation for his disability, which Defendant had knowledge of;

72.     Despite Plaintiff's disability and request for accommodation, the Defendant failed to engage in an interactive process with Plaintiff regarding a reasonable accommodation; and

73.     Plaintiff has been injured.

## XV.   NINTH CAUSE OF ACTION

74.     Plaintiff repeats, realleges and incorporates herein as part of his Ninth Cause of Action paragraphs 1 through 35 of this Plaintiff's First Amended Original Petition and Request for Disclosure, inclusive and in their entirety, and further alleges:

75.     Defendant unlawfully accessed, taped, and recorded private telephone communications between Plaintiff and others;

76.     Defendant also unlawfully disseminated and shared the illegally obtained information with various City of Corpus Christi employees and others; and

77.     Plaintiff was injured by Defendant's actions.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have:

a.     Judgment against for liability and damages within the jurisdictional limits of the Court and monetary relief over $200,000.00 but not more than $1,000,000.00 pursuant to Rule 47 of the Texas Rules of Civil Procedure.

b.     Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-compensatory losses in an amount not less than $75,000.00 as provided by law, pursuant to §21.258 of the Texas

Labor Code.

     c.      Award Plaintiff equitable relief including back pay and benefits pursuant to Title 42, of the Americans with Disability Act, §102(b)(1), 42 U.S.C. §12117(a) and liquidated damages pursuant to 29 U.S.C. §626(b).

     d.      Award Plaintiff front pay pursuant to Title 42, of the Americans with Disability Act, §102(b)(1), 42 U.S.C. §12117(a).

     e.      Award Plaintiff damages for physical and mental pain and suffering, including compensatory and punitive damages in connection with those claims made herein pursuant to Title 42, of the Americans with Disability Act, §102(b)(1), 42 U.S.C. §12117(a), and 42 U.S.C. §1981a(b)(3).

     f.      Award Plaintiff damages as provided under 18 U.S.C. §2510, et seq.

     g.      Such other and further relief to which Plaintiff may be justly entitled.

     h      Interest after judgment at the rate allowed by law.

     i.      Attorney's fees and costs in the amount as provided by §21.259 of the Texas Labor Code and as provided by Title I, of the American's with Disability Act, §102(b)(1), 42 U.S.C. §12112(b)(1), and 42 U.S.C. §1988.

     j.      Pre-Judgment interest at the maximum rate allowed by law.

     k.      Judgment against Defendant for all other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/Charles C. Smith
Charles C. Smith
Attorney for Plaintiff
615 N. Upper Broadway
Wells Fargo Tower, Suite 1710
Corpus Christi, Texas 78401-0711
Telephone No.:  (361) 883-1055
Facsimile No.:  (361) 883-4041
State Bar No.:  18550210
E-Mail:  ccsmithlaw@aol.com

15

# <u>NOTICE</u>

As a result of COVID-19

<u>**ALL COURTS**</u> are

having ALL hearings

remotely using ZOOM.


Please contact the respective Court

for further instructions.

Misc. No. _____

# NUECES COUNTY STANDING ORDERS ON REMOTE PROCEEDINGS IN CIVIL, FAMILY AND FELONY CRIMINAL CASES

These Standing Orders on Remote Proceedings in Civil, Family and Felony Criminal Cases were unanimously adopted by the Nueces County District Judges during a specially held meeting on April 16, 2020. These orders are effective on April 16, 2020 and shall remain in effect until the Governor of the State of Texas and/or The Supreme Court of Texas lifts all emergency orders and/or the orders are revoked by the Board of Judges.

## WE, THE UNDERSIGNED NUECES COUNTY DISTRICT JUDGES AND TITLE IV-D JUDGE, FIND:

1. Governor Abbott declared a State of Emergency for the State of Texas regarding the COVID-19 Virus;
2. The Supreme Court of Texas issued multiple emergency Orders regarding the COVID-19 State of Disaster, requiring measures to help mitigate the spread of COVID-19 to protect the health and welfare of all; and
3. Nueces County adopted The Order to Stay at Home.

### IT IS THEREFORE ORDERED:

**A. All jury trials are hereby cancelled and will resume on June 1, 2020.**

**B. All essential and non-essential hearings will be held via Zoom and/or CourtCall videoconferencing until further order of the courts.**

**C. The general requirements for remote Civil, Family and Criminal proceedings are as follows:**

**1.    Notification of Information for Remote Proceeding**

When a court proceeding is scheduled, the court will e-mail the parties, through their attorneys, if represented, the information needed to attend the proceeding by Zoom and/or CourtCall video conferencing.

Each attorney or self-represented party **shall** communicate this information to the attorney's clients and witnesses, including any witnesses the attorney subpoenaed for the proceeding, and **shall** provide each such person with a copy of this order.

**2.    Use of Real Names**

In all communications with the court and during the court proceeding, including when joining a Zoom meeting and/or CourtCall video conferencing, each party, attorney, witness, or other persons attending the proceeding shall use that person's real name when identifying him or herself. Any party not identified properly will not be allowed access to the hearing.

3.    **Interpreter**

A self-represented party or attorney acting on a party's behalf **shall** contact the court coordinator as soon as possible, but not less than 48 hours, after the court proceeding is scheduled if an interpreter will be needed.

4.    **Necessary Hardware and Software**

At least 48 hours before the proceeding, each party, attorney, witness or other person attending the proceeding **shall** create a zoom account at https://zoom.us/home and/or contact CourtCall (888-882-6878) to schedule the hearing.

The person **shall** create the account using the person's legal name and the person's real e- mail address. For each attorney, that e-mail address **shall** be the same as the one described in Rule 21(f)(2) of the Texas Rules of Civil Procedure.

At least 48 hours before the proceeding, each person **shall** download and install the Zoom app on a compatible device (e.g. computer, smart phone, tablet) that the person intends to use to communicate with the court during the proceeding and/or have CourtCall videoconferencing enabled.

The device must have a functional speaker, video camera, microphone, and a reliable internet, or data, connection.

If a person, including a witness, knows he or she cannot attend the proceeding by video, that person or that person's attorney, if represented, **shall** contact the court as soon as possible, but not later than 48 hours before the proceeding. The person or that person's attorney if represented, **shall** join the meeting telephonically and show good cause for failure to appear by video at the proceeding.

6.    **Submission of Exhibits by e-filing and to the Parties**

To be potentially admissible into evidence, all exhibits, other than rebuttal exhibits, **shall** be e-filed with the District Clerk and copies transmitted to all parties not later than 48 hours before the court proceeding in the manner required in subsection (7) herein. If the exhibits are note-filed within that time period, those exhibits will not be admissible during the hearing.

7.    **Format of Exhibits**

Any party needing to admit either exhibits or other evidence, must electronically e-file the same in PDF format in advance of the hearing, already pre-marked with exhibit stickers and chronologically numbered, for ease of reference and directing a witness's attention during remote proceedings. The pages of each exhibit, deposition, or declaration of other proffered evidence, must be sequentially numbered for ease of reference. Copies must be contemporaneously directed to opposing counsel.

Each exhibit **shall** be in PDF format unless the exhibit is an image file, audio file, or video file. The file name of each exhibit file **shall** state the name of the exhibit. A party wanting to offer any audio recordings or video recordings **shall** upload the labeled files to a folder in Dropbox, or similar cloud storage service, and **shall** include a link to the folder in the party's e- mail exhibit. All audio and video recordings **shall** be in the MP4 format. Unless critical to an issue in the case, a party must redact personal identifying information and sensitive personal information from an exhibit before submitting it.

**8.      Exhibits with Rebuttal or Unanticipated Evidence**

During the proceeding, and only with the permission of the court, a party may offer as rebuttal evidence, an exhibit, if the party could not have reasonably anticipated the need for such evidence before beginning the proceeding, through the Chat/File feature in Zoom and/or CourtCall videoconferencing.

**9.      Submission of Orders, Pleadings, and Other Documents**

A meaningful conference between opposing attorneys **shall** be required prior to court intervention. Parties and attorneys are hereby advised that the present public health crisis demands that whenever possible, attorneys come to an agreement without necessitating a hearing before the court.

The parties **shall** confer before the court proceeding, and at least 48 hours before the proceeding is scheduled to begin, **shall** e-mail opposing counsel or pro se litigant - whichever applies, electronic copies of all orders, pleadings, returns of citations, and other documents filed with the district clerk that are relevant to the proceeding. If the documents are too voluminous to attach to an e-mail, the parties **shall** upload the documents to a folder in Dropbox, or similar cloud-based storage service, and include a link to the folder in the e-mail. Each document **shall** be in PDF format with a file name that reflects the title of the document. However, if the document is an audio or video file, the party may use the file format described by paragraph 7 above.

**10.     Electronic Signatures**

In accordance with the Electronic Signatures in Global and National Commerce Act (E- Sign Act) and the Uniform Electronic Signatures Act, all parties will be allowed to electronically sign any necessary documents that are to be provided to the court.

**11.     Submission of Late Responses and Replies**

Each party shall e-mail to the court coordinator and each of the other parties any responses or replies the party e-filed with the district clerk, if less than 48 hours before the court proceeding. The e-mailing of such a document to the court coordinator is not a substitute for e- filing the document with the district clerk. No party shall include the judge or court coordinator as a service contact when e-filing a document.

**12.     Submission of Case Law, Statutes, Regulations, or Similar Documents**

If a party wants the court to consider any case law, statute, regulation, or similar document, the party **shall** e-mail to the court or court coordinator such case law, statute, regulation or similar document. Failure to comply with the procedures in this order for submitting proposed exhibits, information required by the court's local rules, responses and replies, or supporting statutes, case law, regulations, or similar documents without good cause may result, as applicable, in the exclusion of the exhibits, or the documents not being recognized by the court, or other sanction as provided by the court's local rules or inherent powers.

**13.     Dress Code and Location**

You are hereby advised that remote proceedings are official court proceedings. Therefore, all parties, witnesses, experts, or anyone involved in the proceeding **shall** appear in appropriate business attire.

Additionally, all parties, witnesses, experts, or anyone involved in the proceeding, **shall** be in an appropriate location, free from all distractions, while participating in the remote proceeding.

**14.     Opening in Zoom App**

Before the proceeding begins, when a person attempts to join a Zoom court proceeding from the Zoom webpage, the webpage will ask whether to open the Zoom app. Each person **shall** instruct Zoom to open the Zoom app and allow it to install the program and not rely on the web browser. In this way, the attorneys and parties will have the means to communicate confidentially in private breakout rooms, which are unavailable on the website-based plug-in.

**15.     Joining Proceeding before Scheduled Start**

The parties, attorneys, witnesses, and all other persons attending the proceedings s all join the proceeding on Zoom by clicking on the Zoom link sent by the court at least ten (10) minutes before the proceeding is scheduled to begin

**16.     Virtual Waiting Room**

When each person joins the meeting, the person will appear in a virtual waiting room with all other parties, attorneys and witnesses. There may be several cases sent on the docket at the same time. When the case is called, the court will bring the attorneys and clients into the virtual courtroom. When the court brings the attorneys and clients into the virtual courtroom, their video will automatically be on and their audio **shall** remain muted until the proceeding begins. The attorneys **shall** always appear on video during the proceeding, except when the court recesses the proceeding. As soon as your hearing is concluded, you are excused from the virtual courtroom.

17. **Witnesses**

When taking the oath to testify and when testifying, **each witness shall appear on video,** unless the witness is in the presence of a notary public, identified to the court, who can verify the identity of the witness, in which case the witness may testify 1hrough Zoom via audio only. Otherwise, all other potential witnesses who are not on video through zoom may not testify.

Unless permitted by the court or as provided below, a witness may not have access to any electronic information or physical notes while testifying, just as if the witness were on the witness stand in a courtroom. Except during a recess in the proceeding, no person **shall** communicate, verbally or non-verbally, with a witness through any method other than the video or audio means shared with all the participants in the proceeding who are present in the virtual courtroom. There will be no private chatting in the virtual courtroom between the participants without permission of the court. If "The Rule" is invoked, no one may communicate in any manner, including by telephone, text message, or e-mail, with any witness placed under the Rule, except as permitted by the Rule and then only during a recess in the proceeding. While placed under "the Rule," witnesses who are not testifying at the time, are prohibited from viewing the proceeding, including the court's YouTube live video link.

A list of witnesses **shall** be provided to the court no later than 48 hours before the scheduled hearing date.

All attorneys are reminded they are officers of the court and are expected to abide by all terms of the Texas Lawyer's Creed and ethical rules of conduct.

18. **Muting of Microphone**

All persons participating in the proceedings except the Judge, the currently testifying witness, participating attorneys, or self-represented party, **shall** have their microphones muted.

19. **Recesses**

The court may recess the proceeding for breaks or to allow attorneys to confer with their clients. If an attorney wishes to confer with a client, the attorney shall make that request to the court, identifying the client by name. The court will send those video streams into a confidential breakout room to confer for a period of no more than ten (10) minutes. In a similar manner, attorneys or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented party may ask the court to allow the attorney or self-represented party to confer privately with a witness

20. **Defendants and/or Respondents in the Nueces County Jail**

All attorneys are advised that the jail is equipped with a computer, capable of Zoom and/or CourtCall videoconferencing, so that defendants and/or respondents in custody are able to participate in any essential hearings. Additionally, the jail has allowed 2P, and the 4th

and 5th floors of the jail, for attorneys to use for confidential communications when visiting their clients.

Also, the jail has made available an unrecorded telephonic line, Monday through Friday, from 8:00 a.m. to 4:00 p.m., by appointment only through the Sheriff's Office, so that attorneys and defendants and/or respondents may communicate remotely without exposing any party to any unnecessary risks or waiver of constitutionally protected privileges.

Per Sheriff Hooper, any attorney who calls and requests an attorney/client telephone conference, should fax that request to Jail Administration. For inmates housed at the Main Jail, use fax: 361.887.2240; for the inmates housed at the Annex, use fax: 361.289.4208. This request from the attorney needs to be sent Monday - Fliday between the hours of 8:00 a.m. to 4:00 p.m. Once the request is received, the request will be forwarded to Inmate Management. When the request is received at Inmate Management, the inmate will be taken to an office at the mutually agreed upon telephone time, Monday- Friday between the hours of 8:00 a.m. to 4:00 p.m. Any attorney's request for a telephone conference received after 4:00 p.m. will not be responded to until the following business day. If the attorney is requesting to talk to their client via telephone, but not requesting a specific time to speak with them, the attorney's telephone number will be taken down and the inmate will call from the unit using the designated attorney telephone line (which is a free attorney phone call). All phones used for said conferences are secure and not subject to monitoring or recording.

In addition, the Nueces County Sheriff's Office must be in compliance with the feeding schedules as per the Texas Commission on Jail Standards, so attorney telephone calls will NOT be completed during the hours of 4:30 a.m. to 5:30 a.m. or 10:30 a.m. to 11:30 a.m. or 4:30 p.m. to 5:30 p.m. In addition, attorney telephone calls will not impede inmate roll call or head counts. Please contact Sheriff's office for these times.

The attorneys are also advised that the Nueces County Jail is OPEN as usual for in person attorney visits

**21.   No Circumvention of Order**

No attorney, party, or witness may circumvent the terms of this order by having another person perform a task prohibited for that party or attorney.

**21.   Special Provisions for Criminal Law Hearings**

   **a.   Waiver to be Signed by Defendant and the Attorney Representing the State**

As a prerequisite to any felony criminal proceeding conducted through Zoom and/or CourtCall videoconferencing, the defendant **shall** be required to execute a waiver of the defendant's right to appear in court in person and with counsel. Waiver forms **shall** be included in the plea/MTR documents, and **shall** be signed by the defendant and the attorney representing the state, as required by the Code of Criminal Procedure, §27.18(a)(l).

**b.    Agreement Notifications**

If a plea offer is accepted or there is an agreed recommendation on an MTR, the defense attorney **shall** notify the court coordinator by e-mail and obtain a setting for said hearing.

**c.    Hearing Notifications**

The court coordinator **shall** send via email the hearing notices to the following persons:

      i.    the designated clerk in the District Clerk's office;
      ii.    the designated jail officer in the Nueces County Jail;
      iii.    the attorneys for the state and the defendant; and
      iv.    the designated court probation officer assigned to each court, who in turn will notify the specific probation officer assigned to that case

**d.    Telephone Number for Defendant on Bond**

If a pre-sentence investigation (PSI) is requested and the defendant is on Bond, the defendant's attorney shall also provide a working telephone number for the defendant, in order that the CSCD may contact the defendant and conduct a pre-sentence interview and prepare a PSI report prior to any plea.

**e.    Preparation of Bill of Costs**

Unless waived, the district clerk's office shall prepare the Bill of Costs and provide it to the prosecuting attorney assigned to the case for inclusion in plea documents.

**f.    Submission and Review of Plea Documents**

Not later than noon on the third business day prior to the plea/MTR hearing, the prosecuting attorney assigned to the case shall prepare the documents, for the plea hearing, sign the paperwork where indicated, and send said documents to the defendant's attorney for review.

The attorney and the defendant are .to review the documentation, and the defendant is to initial and sign all applicable plea paperwork. The defendant's attorney shall follow these steps to secure the defendant's initials and signatures on the applicable paperwork:

      i.    Those defense attorneys that go to the jail in person, are to use the officers in the jail to assist in having the required documents initialed and signed;
      ii.    Those defense attorneys that do not go to the jail, will call the Sheriff's Office to set up an appointment to meet with their client, as set out in section twenty (20) above;

iii.   Review all required paperwork with the defendant; the jail will have a copy of all necessary admonishments;

iv.   Make sure that the defendant reviews, initials, and signs where required;

v.   Completion and filing of documents:

   A.   For those defense attorneys that go to the jail in person to meet with their clients and obtain the required initials and signatures with the assistance of the jail officers, those attorneys shall be responsible for scanning and e- filing the completed documents to the district clerk's office;

   B.   For those defense attorneys that do not go to the jail to meet with their clients in person; wherein the jail officers have assisted them in obtaining the necessary initials and signatures, the district attorney shall be responsible to scan and forward to the defense attorney for e-filing with the district clerk's office, the completed documents; or

   C.   For those defense attorneys who do not want the district attorney's office to scan and e-mail the completed documents to them for e-filing, said defense attorneys may call the Sheriff's Office to make arrangements to pick up the completed documents for scanning and e-filing to the district clerk's office.

vi.   The defense attorneys will e-file all plea and/or MTR paperwork. Each file must be a "Lead Document".

All necessary documents must be e-filed with the Nueces County District Clerk's office no later than 48 hours prior to the scheduled court date. All hearings, where the documents are not e-filed 48 hours in advance, will be canceled and defense counsel shall contact the court coordinator to obtain another hearing date.

**g.   Signing of Plea Documents by Defendant in Custody**

   i.   Documents delivered to the Nueces County Jail

   Multiple copies of all necessary documents are available' at the Nueces County Jail. The Local Administrative Judge has delivered to the jail, multiple copies of all necessary pleas, revocations, waivers, and other forms regularly used by the court during business.

   ii.   Attorney Communication

   Attorneys for defendants in custody are to contact the jail to schedule a date and time, prior to the scheduled court date, to set up a time for the attorney to review all necessary documents via an unrecorded telephone line.

**h.   Signing of the Plea Documents by Defendant on Bond**

   The attorney and the defendant are to review all necessary plea or revocation paperwork prior to the scheduled court date. Both the attorney and the defendant are to fill out all the necessary paperwork, e-file it, and submit it to the prosecutor

no later than 48 hours prior to the scheduled court date. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney shall contact the court coordinator to obtain another hearing date.

**i.     Submission of Completed Documents**

When any necessary plea or revocation documents are signed by all necessary parties, the documents are to be e-filed and submitted to the court no later than 48 hours prior to the proceeding. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney **shall** contact the court coordinator to obtain another hearing date.

**22.   Special Provisions for Criminal Law Hearings**

When the Court grants an application to interview a child in chambers in accordance with Section 153.009, Texas Family Code, the following procedures shall apply to the Court's interview with the child:

**a.**     The Court shall conduct the interview with the child using Zoom. The Court will notify the parties and attorneys by e-mail of the Zoom meeting, in which the Court will confer with the child or if more than one child, each will be interviewed child separately. The party in possession of the child at the time of the interview shall ensure the child is available at the time of the Zoom meeting and has possession of a separate device (for example, computer, tablet, smartphone) that the child will use to communicate with the Court during the interview.

**b.**     When the Court begins the Zoom meeting, the party in possession of the child or an adult designated by that party shall join the meeting, identify himself or herself to the Court, and then leave the room.

**c.**     While the Court is interviewing the child, no person may be present in the same room as the child or may be located outside of the room in which the child is physically located and/or within a distance in which the person can hear the child's interview.

**d.**     With the exception of the Court's court reporter, no person including the child, may record any statements of the child or the Court made during the interview.

**e.**     **Additionally, no parent, guardian or person in possession of the child, shall in any way instruct, coach or prompt the child immediately before or during the child's interview with the court. Any parent, guardian or person in possession of the child, is subject to contempt of court for violation of this provision.**

**IT IS** FURTHER ORDERED that in compliance with the Open Courts provision of the Texas Constitution:

I.   The Office of Court Administration is providing Judges the ability to stream and host court proceedings via Zoom and/or CourtCall videoconferencing, via YouTube.

Under the Open Courts provision of the Texas Constitution, all courts are required to maintain public access. In general, court proceedings, are presumptively open to the public in Texas state Courts. This YouTube Channel is setup to comply with that provision, however recording of these proceedings is strictly prohibited. Participants and viewers are hereby admonished that violators are subject to the Court's contempt powers. The punishment for contempt of a court is a fine or note more than $500 or confinement in the county jail for not more than six (6) months, or both such a fine and confinement in jail. Tex. Gov. Code, Sec. 21.002.

**THESE ORDERS SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL SET ASIDE.**

28th Judicial District Court
Hon. Nanette Hasette

117th Judicial District Court
Hon. Sandra Watts

94th Judicial District Court
Hon. Bobby Galvan

347th Judicial District Court
Hon. Missy Medary

319th Judicial District Court
Hon. David Stith

148th Judicial District Court
Hon. Carlos Valdez

214th Judicial District Court
Hon. Inna Klein

105th Judicial District Court
Hon. Jack Pulcher

Title IV-D Court
Hon. Susan E. Barclay

*Nueces County Standing Orders on Remote Proceedings*

MISC. DOCKET NO. _20 MISC001_

### DUE TO THE CORONAVIRUS (COVID-19) CRISIS
### NUECES COUNTY SIXTH AMENDED RESOLUTION REGARDING THE CANCELLATION
### OF JURY TRIALS IN THE DISTRICT COURTS AND COUNTY COURTS AT LAW OF
### NUECES COUNTY, TEXAS

Due to the coronavirus (COVID-19) crisis and to ensure the safety of the public, court staff(s), and litigants, pursuant to, Misc. Docket 20-9135 dated November 11, 2020 by the Texas Supreme Court, the Nueces County District Courts and County Courts at Law adopt the following amended resolution regarding pending jury trials effective November 16, 2020 through February 1, 2021.

Therefore, IT IS ORDERED that all civil, criminal and family jury trials and in person hearings scheduled for the weeks of November 16, 2020 through January 31, 2021 are cancelled.

These Orders are effective November 16, 2020 and will apply to the District Courts and Court Courts at Law of Nueces County, except as amended or supplemented by the Presiding Judge of County Court at Law No. 5.

November 16, 2020

Hon. Nanette Hasette
Local Administrative Judge

FILED
NOV 16 2020
ANNE LORENTZEN, CLERK
COUNTY & DISTRICT COURTS NUECES CO TEXAS
BY_____ DEPUTY

## CAUSE NO. 2020CCV-61584-3

| | | |
|---|---|---|
| **ARNULFO FIGUEROA** | § | **IN THE COUNTY COURT** |
| | § | |
| **v.** | § | **AT LAW NUMBER 3** |
| | § | |
| **CITY OF CORPUS CHRISTI** | § | **NUECES COUNTY, TEXAS** |

## <u>NOTICE OF REMOVAL</u>

To the Honorable Judge of Said Court:

Please take notice that the Defendant, City of Corpus Christi has, pursuant to federal law, filed with the clerk of the United States Court for the Southern District of Texas, Corpus Christi Division, a Notice of Removal, a copy of which is attached and filed with this document as Exhibit "A," and that this action is removed to United States District Court for trial as of today, February 22, 2021.  This court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

/s/ Alissa A. Adkins
Alissa A. Adkins
Assistant City Attorney
State Bar No. 00785653
City of Corpus Christi
Legal Department
P.O. Box 9277
Corpus Christi, TX 78469-9277
(361) 826-3360
(361) 826-3239 Fax
AlissaA@cctexas.com

**ATTORNEY FOR DEFENDANT,
CITY OF CORPUS CHRISTI**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on:

***Via E-Service:***
Mr. Charles C. Smith
615 N. Upper Broadway
Wells Fargo Tower, Suite 1710
Corpus Christi, Texas 78401
ccsmithlaw@aol.com

on this the 22th day of February, 2021.

/s/ Alissa A. Adkins
Alissa A. Adkins

2